# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HENRY HOWARD, WENDY HOWARD,**

        **Plaintiffs,**

**-vs-**                                                           **Case No. 6:09-cv-948-Orl-19KRS**

**OTIS ELEVATOR, WINTER PARK CONSTRUCTION, VISTIANNA VILLAGE KEY,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **[RENEWED] MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 14)**
>
> **FILED:**     **July 17, 2009**

## I. BACKGROUND.

On June 8, 2009, Plaintiffs Henry Howard and Wendy Howard filed their *pro se* complaint alleging Defendants negligently caused injury to Henry Howard, and, "[a]s a direct and proximate result" of their negligence, caused injury to Wendy Howard. Doc. No. 1 ¶¶ 12-13. Plaintiffs alleged they are residents of Indiana. *Id.* ¶ 1. They also alleged as follows:

> The Defendants, Otis Elevator, and its Subsidiaries, and Winter Park Construction, and its subsidiaries, and Vistianna Village Key, and its Subsidiaries, [are] licensed to do business within the city of Orlando, County of Orange and State of Florida.

*Id.* ¶ 2. They further alleged that "[t]he amount in controversy exceeds Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, and interest." *Id.* ¶ 14.

On July 2, 2009, I issued a Report and Recommendation that this complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. No. 11. In relevant part, I recommended the Court grant Plaintiffs eleven days from its order to file a legally sufficient amended complaint. The Court adopted the Report and Recommendation on July 23, 2009, and dismissed the original complaint, but gave leave to Plaintiffs to file an amended complaint. Doc. No. 15.

Prior to the presiding district judge's order, on July 17, 2009, Plaintiffs filed an amended complaint, apparently in response to my earlier Report and Recommendation. Doc. No. 13. Their *pro se* amended complaint is substantively identical. It again alleges Defendants directly "and through its duly authorized agent, servant, representatives and/or employees," *id.* at 2-5, negligently caused injury to Henry Howard, and, "as a direct and proximate result" negligently caused injury to Wendy Howard. Doc. No. 13 at 5. Plaintiffs again alleged they are residents of Indiana, but also allege "Defendants are citizens of Florida a [sic] corporation incorporated under the laws of Florida with their principal place of business in Florida" *Id.* at 1. They also alleged as follows:

> The Defendants, Otis Elevator, and its Subsidiaries, Winter Park Construction, and its subsidiaries, [are] licensed to do business within the city of Orlando, County of Orange and State of Florida.

*Id.* Omitted from the caption and body of the amended complaint are former Defendants Vistianna Village Key and its subsidiaries. Plaintiffs further allege "[t]he amount in controversy exceeds Four Million Seven Hundred Ninety Seven Thousand Four Hundred ($4,797,400.00) Dollars, exclusive of costs, and interest." *Id.* at 5.

**II. APPLICABLE LAW.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether the Howards' complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

**III. ANALYSIS.**

Plaintiffs do not specify any federal constitutional or statutory provisions that they allege Defendants violated. The only citations to federal statutory provisions in the amended complaint appear in Plaintiffs' statement of facts on the second page of the complaint. Plaintiffs refer to "29 U.S.C. §196 Acts authorized or direct by employer" and "29 U.S.C. §198 Acts authorized or directed

by employer." Title 29 of the United States Code exists, but sections 196 and 198 do not.[1] Accordingly, it does not appear that this Court could exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331.

For the Court to exercise diversity jurisdiction over this apparent state law tort claim, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. A corporation is a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. *Id.* While in the amended complaint Plaintiffs allege that the amount in controversy exceeds $75,000.00, alleging that unidentified "Subsidiaries" are incorporated in Florida is insufficient to identify all of the corporate defendants, to ascertain whether those corporate defendants are also citizens of Florida as alleged,[2] or to establish how each unnamed subsidiary is involved in each of the alleged violations. Therefore, the complaint is insufficient to establish that this Court could exercise diversity jurisdiction. *Id.*

Because the complaint does not establish that this Court can exercise subject-matter jurisdiction in this case, it must be dismissed. The United States Court of Appeals for the Eleventh Circuit has held that when a complaint is dismissed under § 1915(e), the plaintiff should normally be given leave to amend. *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil

---

[1] Section 196, part of a chapter on labor-management relations, once addressed the reimbursement of committee members for expenses, but was omitted from the Code as executed by Congressional Act in 1947. *See* 61 Stat. 161 (1947). Section 198 has apparently never existed.

[2] It appears that Otis Elevator Company is not actually a Florida corporation, but a foreign corporation registered to do business in Florida. Fla. Dep't of State Div. of Corps., http://www.sunbiz.org/corinam.html (search "Otis Elevator Company"). In addition, the Court notes that Otis Elevator Company has also been registered as a foreign corporation in Indiana since 1934. Ind. Sec'y of State Corps. Div., https://secure.in.gov/sos/bus_service/online_corps/name_search.aspx (search "Otis Elevator Company").

detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)). However, I note that Plaintiffs have already amended their complaint once following the earlier Report and Recommendation, *see* Doc. No. 11 (recommending the Court grant Plaintiffs eleven days from its order to file an amended complaint), but have not cured the defects that prevent the Court from exercising subject-matter jurisdiction in this case.

Nonetheless, should the Court determine that it should give Plaintiffs leave to file a second amended complaint, Plaintiffs must set forth in that complaint each claim arising from a statute, common law provision, or constitutional provision in a separate count of the complaint. Fed. R. Civ. P. 10(b). The complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction," including the citizenship of each party. Fed. R. Civ. P. 8(a)(1). Plaintiffs should clearly describe how each named Defendant is involved in each of the alleged violations. Generally, one cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated or directed such action and/or omission that resulted in the claimed injury. Finally, Plaintiffs must show specifically how they have been damaged (how they were harmed or injured by the actions and/or omissions of Defendant(s)) with respect to each claim).

As noted previously, Plaintiffs, in the alternative, may file a complaint in state court.

Should the Court permit Plaintiffs to file a second amended complaint, it should also permit them to file a second renewed motion to proceed without prepayment of fees with the amended complaint.

**IV. RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that that Court:

1. **DENY** the motion to proceed *in forma pauperis*, Doc. No. 14;

2. **DISMISS** the amended complaint without prejudice, Doc. No. 13;

3. **DIRECT** the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 24, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE