UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HENRY HOWARD and
WENDY HOWARD, his wife,

CASE NO. 6:09-CV-948-ORL-19KRS

        Plaintiffs,

vs.

OTIS ELEVATOR and its SUBSIDIARIES a
foreign corporation
WINTER PARK CONSTRUCTION and its
SUBSIDIARIES a foreign corporation
VISTIANNA VILLAGE KEY and its
SUBSIDIARIES a foreign corporation,

        Defendants.
_____/

## OTIS ELEVATOR COMPANY'S MOTION TO QUASH IMPROPER SERVICE

Defendant Otis Elevator Company ("Otis") enters this special appearance for the sole purpose of contesting jurisdiction by challenging service of process on the ground that plaintiff failed to properly serve Otis with the complaint[1]. In sum, plaintiffs' improper use of the U.S. mail to attempt service on individuals outside of the state of Florida, as well as plaintiffs' failure to include a copy of the complaint with the summons, requires that service be quashed.

This is an action seeking damages arising out of an alleged elevator accident. It was commenced on June 8, 2009 with the filing of the Complaint [D.E. 1]. Prior to any attempt at

---

1. This motion does not serve to waive an objection to jurisdiction over Otis in this proceeding. Under Florida law, an entity may make a special appearance for the purpose of challenging service of process without thereby submitting to the Court's jurisdiction. *See, e.g., Cooper Plaza Ltd. v. Nidetch*, 342 So. 2d 1072, 1073 (Fla. 3d DCA 1977).

CASE NO. 6:09-CV-948-ORL-19KRS

service, plaintiffs filed two additional complaints on July 17, 2009 [D.E. 13] and August 10, 2009 [D.E. 19], respectively.[2] On October 28, 2009, plaintiffs improperly attempted to serve Otis by sending a copy of the summons alone via U.S. mail to officers of the company who are outside of the state of Florida. *See* the declaration of Margaret Kiniry ("Kiniry"), which is being filed separately, at ¶ 4 & Exh. "1" thereto. Indeed, this attempt at service is flawed in several respects as shown below.

Rule 4 of the Federal Rules of Civil Procedure and Section 48.081 of the Florida Statutes set forth specific and exclusive requirements for service on a corporation in a Florida district court. These requirements include *personal service* of the summons *and the complaint* on specific individuals or agents of the corporation *within the state of Florida*. To be sure, both Florida and federal law are clear that this statutory means of service on a corporation is the exclusive method and must be strictly construed; a failure to comply with these mandates requires that the service be quashed. *Able v. City of Brooksville*, 273 Fed.Appx. 809, 811 (11th Cir. 2008) *citing Erection Serv., Inc. v. Sims Crane Serv., Inc.*, 379 So. 2d 423, 425 (Fla. 2d DCA 1980) ("service of process that is not in "substantial compliance" with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, *even when a defendant has actual notice of the filing of the suit*.") (emphasis added); *Sehringer v. Big Lots, Inc.*, 532 F.Supp.2d 1335, 1342 (M.D. Fla. 2007).

Initially, plaintiffs did not request that Otis waive formal service nor does Otis in any way waive its right to service of process according to the rules of procedure and pursuant to Florida and federal law. *See* Kiniry at ¶ 5. Thus, any attempt at service via U.S. mail is patently improper. Secondly, despite Otis' full compliance with Florida Statute § 48.091,[3] the erroneous attempt at

---

2. The Court dismissed the first two complaints without prejudice in its orders dated July 23, 2009 [D.E. 15] and August 6, 2009 [D.E. 17], respectively.
3. *See* Kiniry at ¶ 6

CASE NO. 6:09-CV-948-ORL-19KRS

service was made to the "C.E.O. or next highest officer found" at the North American Area Headquarters for Otis Elevator Company, which is located outside of the state of Florida. *See* Exh. "1" to Kiniry. Finally, because no Complaint was enclosed with the summons, this service attempt is improper under the plain language of Rule 4 of the Federal Rules. Fed.R.Civ.P. 4(h)(1)(B).

**Wherefore,** Otis Elevator Company respectfully requests that this Court grant this motion to quash plaintiffs' improper service of process and grant any other relief deemed appropriate.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of November, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

SEDGWICK, DETERT, MORAN & ARNOLD LLP
Attorneys for Otis Elevator Company
2400 East Commercial Boulevard, Suite 1100
Fort Lauderdale, FL 33308
Telephone: 954.958.2500
Facsimile:    954.958.2513

/s Tanya Lawson
RICHARD P. HERMANN, II
Florida Bar No.: 0110019
TANYA M. LAWSON
Florida Bar No.: 0619541

05248-000100 | 15 | djd