**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HENRY HOWARD, WENDY HOWARD,**

    **Plaintiffs,**

**-vs-**                                               **Case No. 6:09-cv-948-Orl-19KRS**

**OTIS ELEVATOR, WINTER PARK CONSTRUCTION,**
    **Defendants.**
_____

## ORDER

This case comes before the Court on the following:

1. Motion to Quash Service of Process by Winter Park Construction (Doc. No. 48, filed Feb. 18, 2010); and

2. Motion to Dismiss Defendant Winter Park Construction's Motion to Quash Service of Process by Henry Howard and Wendy Howard (Doc. No. 50, filed March 1, 2010).

### Background

On June 8, 2009, Henry Howard and Wendy Howard ("Plaintiffs"), proceeding *pro se*, filed the present action against Otis Elevators ("Otis"),[1] Winter Park Construction ("WPC"), and Vistianna Village Key (collectively "Defendants"), alleging that the Defendants' negligent operation of hi-lo equipment resulted in the Plaintiffs' injuries. (Doc. No. 1 ¶ 6.) On July 2, 2009, the United States Magistrate Judge entered a Report and Recommendation recommending that the Court dismiss the

---

[1] The Complaint refers to Otis a "Otis Elevators." (Doc. No. 1.) In the Amended Motion to Quash, Otis refers to itself as Otis Elevator Company. (Doc. No. 31.) For the sake of clarity, the Court will refer to the Defendant as "Otis."

instant action for lack of subject matter jurisdiction. (Doc. No. 11.) On July 17, 2009, Plaintiffs filed an Amended Complaint but did not object to the Report and Recommendation. (Doc. No. 13.) The Court subsequently entered an Order dismissing the case without prejudice for lack of subject matter jurisdiction. (Doc. No. 15, filed July 23, 2009.) On August 10, 2009, Plaintiffs filed a Second Amended Complaint alleging that the parties are diverse and that the amount in controversy exceeds $75,000. (Doc. No. 19.)

On December 9, 2009, Otis filed an Amended Motion to Quash Improper Service. (Doc. No. 31.) Plaintiffs timely filed a Response in Opposition to the Amended Motion to Quash. (Doc. No. 33.) On January 21, 2010, the Court entered an Order granting the Motion to Quash and directing the Plaintiffs to show cause in writing why the claims against Otis should not be dismissed for failure to prosecute. (Doc. No. 21.) On February 3, 2010, Plaintiffs filed a Response maintaining that they had, in good faith, attempted to serve Otis by mailing a summons on October 28, 2009. (Doc. No. 44.) The Court, finding good cause for Plaintiff's failure to prosecute, ordered Plaintiffs to effectuate proper service upon Otis no later than February 26, 2010 and to file proof of such service with the Court no later than March 5, 2010. (Doc. No. 45, filed Feb. 8, 2010.)

On February 17, 2010, Plaintiffs filed an executed return of service for five individuals allegedly designated by law to accept service of process on behalf of WPC. (Doc. No. 47.) On February 18, 2010, WPC filed the present Motion to Quash Service of Process. (Doc. No. 48.) WPC maintains that Plaintiffs could not have effectuated service of process by personal delivery on Harrigan on February 17, 2010 at 11:41 am because David Harrigan was appearing in a case pending in the Ninth Judicial Circuit Court in Orange County, Florida at that time. (*Id.* at 2.) WPC also contends that neither David Harrigan nor Todd Norman were authorized or appointed to accept

service of process on behalf of WPC. Finally, WPC argues that the service of process upon Charles Reynolds, Adam Nickerson, and Jeffery Forrest is invalid because the delivery of documents to Sharon Radler, a clerical employee of WPC, constitutes insufficient service of process under Florida Statutes § 48.081 and Federal Rule of Civil Procedure 4(h).

## Analysis

A plaintiff is responsible for serving a defendant with a summons and the complaint. Fed. R. Civ. P. 4(c)(1). Federal Rule of Civil Procedure 4(h)(1)(A) provides that a corporation may be served in the manner proscribed by state law where the district court is located or where service is made. Under Florida Law, service of process on corporations may be made as follows:

> (1) Process against any private corporation, domestic or foreign may be served:
>     (a) On the president or vice president, or other head of the corporation;
>     (b) In the absence of any person described in paragraph (a), on the cashier treasurer, secretary, or general managers;
>     (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>     (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
>
> (3) (a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under § 48.091. However, if service cannot be made on a registered agent because of failure to comply with § 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.
>    (b) If the address provided for the registered agent, officer, director, or principal place of business is a residence or private mailbox, service on the corporation may be made by serving the registered agent, officer, or director in accordance with § 48.031.

Fla. Stat. § 48.081 (2010). Pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), a corporation may also be properly served "by delivering a copy of the summons and the complaint to an officer, a

managing or general agent, or any other agent authorized by appointment or by law to receive service of process," unless federal law provides otherwise.

In order to properly effectuate service of process under Federal Rule of Civil Procedure 4(h)(1)(A), a plaintiff must comply with Florida Statutes § 48.081. *See* Fed. R. Civ. P. 4(h). Florida Statutes § 40.081 "must be strictly construed and strictly complied with." *Washington Capital Corp. v. Milandco, Ltd., Inc.*, 665 So. 2d 375, 376 (Fla. 4th DCA 1996) (citing *A-One Dahill Moving & Storage Co., Inc. v. Am. Ins. Co.*, 436 So. 2d 424, 425 (Fla. 4th DCA 1983)). In order to comply with Florida Statutes § 48.081, a return of process showing service on an inferior officer of a corporation under Florida Statutes § 48.081(1)(b), (c), or (d) "must show that all superior officers designated in the statute were absent when service was attempted." *Nat'l Safety Assocs., Inc. v. Allstate Ins. Co.*, 799 So. 2d 316, 317 (Fla. 2d DCA 2001) (finding service of process insufficient where service was made on a company employee without first seeking to serve process on the officers named in Florida Statutes § 48.081(1)(a)).

Here, Plaintiffs failed to meet the statutory requirements for service on a corporation set forth in Florida Statutes § 48.081. David S. Harrigan and Todd K. Norman are not officers, directors, or managing agents of WPC, and do not hold positions that authorize or appoint them as individuals upon whom legal process may be served on behalf of WPC.[2] Accordingly, service upon Harrigan and Norman does not satisfy the requirements of Florida Statute § 48.081.

Plaintiffs next contend that service of process on Charles T. Reynolds, Adam Nickerson, and Jeffery Forest was effectuated by the delivery of documents to Sharon Radler. (Doc. No. 47, filed

---

[2] Plaintiffs concede that service on Harrigan and Norman was provided as a courtesy to WPC's counsel and was not intended to satisfy Florida Statutes § 48.081. (Doc. No. 50 ¶¶ 3-4.)

Feb. 17, 2010.) The affidavit of Adam Nickerson, Chief Financial Officer of WPC, states that Sharon Radler is a clerical staff member of WPC. (Doc. No. 49-1, filed Feb. 19, 2010). The affidavit further states that Radler is not a corporate officer and is not employed by WPC in any capacity that authorizes her to accept legal process on behalf of the company. (*Id.*) Plaintiffs do not dispute Nickerson's characterization of Radler's position. Instead, Plaintiffs maintain that the delivery of documents to Radler was appropriate because the term "secretary," as used in Florida Statutes § 48.081(1)(b), refers to "a person employed to handle correspondence, keep files, and do clerical work for another person or organization." (Doc. No. 50 ¶ 5.)

Service of process upon a clerical employee is insufficient to meet the requirements of Florida Statutes § 48.081. *See, e.g., Nationsbanc Mortgage Corp. v. Gardens N. Condo. Ass'n, Inc.*, 764 So. 2d 883, 884 (Fla. 4th DCA 2000) (finding that service made on an administrative assistant did not satisfy the requirements of Florida Statutes § 48.081); *Washington Capital*, 665 So. 2d at 375-76 (holding that service of process on a secretary/receptionist who was not an officer or director or an individual party authorized to accept service did "not fall within any of the hierarchal categories enumerated in subsection 48.081(1)."). Here, Nickerson's uncontested affidavit states that Radler was a clerical staff member, not a corporate officer, and that Radler was not otherwise authorized to accept service of process on behalf of WPC. (Doc. No. 49.) Furthermore, even if Radler was in fact a "secretary" or other officer within the meaning of Florida Statutes § 48.081(1)(b), service would still be invalid as Plaintiffs fail to indicate that they first attempted to serve process on one of the officers named in Florida Statutes § 48.801(1)(a). *See Nat'l Safety Assoc.*, 799 So. 2d at 318. Accordingly, the service of process on Radler fails to satisfy the requirements of Florida Statutes § 48.081 and therefore fails to satisfy the requirements of Federal Rule of Civil Procedure 4(h)(1)(A).

The delivery of documents to Radler also fails to satisfy the requirements for service of process on a corporation set forth in Federal Rule of Civil Procedure 4(b)(1)(B). Radler, as a clerical employee not otherwise authorized by WPC to receive service of process, is not an "officer, or a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" within the meaning of Rule 4(b)(1)(B). Accordingly, Plaintiffs failed to effectuate proper service of process upon WPC and the Court will grant WPC's Motion to Quash.

**Conclusion**

Based on the foregoing, the Motion to Quash Service of Process by Winter Park Construction (Doc. No. 48) is **GRANTED**. More than 120 days have passed since the Second Amended Complaint was filed. Therefore, the Plaintiffs shall effectuate service of process on Defendant Winter Park Construction within twenty-five (25) days from the date of this order, or the claims against Winter Park Construction will be dismissed for failure of prosecution. *See* Fed. R. Civ. P. 4(m).

**DONE** and **ORDERED** in Orlando, Florida on March 10, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties