UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HENRY HOWARD and WENDY
HOWARD,

                Plaintiffs,

-vs-                                          Case No. 6:09-cv-948-Orl-19KRS

OTIS ELEVATOR COMPANY and its
subsidiaries, and WINTER PARK
CONSTRUCTION and its subsidiaries,

                Defendants.
_____

# ORDER

This case comes before the Court on the following:

1. Motion to Strike Reference to Subsidiaries by Defendant Otis Elevator Company (Doc. No. 53, filed Mar. 9, 2010);

2. Motion in Limine by Plaintiffs Henry Howard and Wendy Howard (Doc. No. 59, filed Mar. 23, 2010);

3. Response to Plaintiffs' Motion in Limine by Defendant Otis Elevator Company (Doc. No. 63, filed Apr. 6, 2010);

4. Motion to Dismiss Second Amended Complaint by Defendant Winter Park Construction (Doc. No. 67, filed Apr. 20, 2010);

5. Motion for Judgment on the Pleadings by Defendant Otis Elevator Company (Doc. No. 68, filed Apr. 20, 2010);

6. Response to Defendant Otis Elevator Company's Motion for Judgment on the Pleadings by Plaintiffs Henry Howard and Wendy Howard (Doc. No. 70, filed May 3, 2010);

7. Response to Defendant Winter Park Construction's Motion to Dismiss by Plaintiffs Henry Howard and Wendy Howard (Doc. No. 71, filed May 3, 2010); and

8. Reply to Plaintiffs' Opposition to Motion for Judgment on the Pleadings by Defendant Otis Elevator Company (Doc. No. 79 at 5-8, filed May 21, 2010).

## Background

### I. Factual Allegations[1]

This case concerns injuries to Plaintiffs Henry Howard and Wendy Howard, husband and wife, allegedly caused by a construction accident at the Sheraton Vistana Village in Orlando, Florida ("Site"). (Doc. No. 19, filed Aug. 10, 2009.) The Howards assert that on July 25, 2005, Henry Howard was unloading elevator equipment at the Site when hi-lo equipment operated by Defendants Otis Elevator Company ("Otis") and Winter Park Construction ("WPC") caught him by the pant leg and catapulted him into the air, causing injuries. (*Id.* at 2-5.) The Howards also maintain that the accident caused Wendy Howard to lose Henry Howard's love, companionship, and conjugal fellowship. (*Id.* at 5.)

---

[1] The facts presented in this Order are derived from the allegations of the Second Amended Complaint. These facts are included only to provide context and should not be construed as findings of fact.

## II. Procedural History

On June 8, 2009, the Howards, proceeding *pro se*, filed a Complaint against Otis, WPC, and Vistana Village Key. (Doc. No. 1.) The Complaint and the subsequently filed Amended Complaint were dismissed for lack of subject matter jurisdiction. (Doc. Nos. 13, 15, 17.) On August 10, 2009, the Howards timely filed a Second Amended Complaint, asserting claims of negligence and loss of consortium against Otis, WPC, and their subsidiaries. (Doc. Nos. 19-20.)

On March 9, 2010, Otis moved to strike the references to its subsidiaries in the Second Amended Complaint. (Doc. No. 53.) As of the date of this Order, the Howards have not filed a response in opposition. On March 23, 2010, the Howards filed a Motion in Limine, and on April 6, 2010, Otis responded in opposition. (Doc. Nos. 59, 63.) On April 20, 2010, WPC moved to dismiss the Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and Otis moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. Nos. 67-68.) On May 3, 2010, the Howards responded in opposition to the Motions to Dismiss and for Judgment on the Pleadings. (Doc. Nos. 70-71.) With leave of Court, Otis filed a reply to the Howards' response to the Motion for Judgment on the Pleadings. (Doc. No. 79 at 5-8, filed May 21, 2010.)

**Standard of Review**

## I. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber &*

*Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). It is not intended to "procure the dismissal of all or part of a complaint." *Rockholt v. United Van Lines*, 697 F. Supp. 383, 386 (D. Idaho 1988) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (1969)). A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). Because this standard is rarely met, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996).

## II. Motion in Limine

Motions in limine are appropriately filed to prevent a party from attempting to introduce such highly prejudicial evidence that the mere mentioning of the evidence could not be remedied by an instruction to disregard. *See* Black's Law Dictionary 1109 (9th ed. 2009). A court should exclude evidence in limine only when it is "clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). If a court cannot determine whether the challenged evidence should be admitted without the context of a trial, the evidentiary ruling should be deferred until trial. *Id.*

## III. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d

1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

### IV. Motion for Judgment on the Pleadings

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate where, based on the pleadings, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005) (citing *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). The Court must accept the allegations in the complaint as true and view them in the light most favorable to the non-moving party. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

**Analysis**

### I. Motion to Strike

On March 9, 2010, Otis moved to strike all references to its subsidiaries in the Second Amended Complaint, arguing that it has no subsidiaries. (Doc. No. 53.) Pursuant to Local Rule 3.01(b), each party opposing a motion shall file a response with fourteen (14) days after service of the motion. Failure to oppose a motion raises an inference that the party does not object to the motion. *E.g.*, *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1371 (M.D. Fla. 2007). As of the date of this Order, the Howards have not responded in opposition to Otis' Motion to Strike. Therefore, the Motion to Strike should be granted, and all references to Otis' subsidiaries in the Second Amended Complaint should be stricken.

### II. Motion in Limine

The Howards filed a Motion in Limine to prevent Otis and WPC from introducing evidence at trial concerning collateral source benefits, the Howards' conviction and arrest histories, the Howards' *pro se* status, the tax implications of a potential jury verdict, the Howards' marital history,

settlement negotiations, prior lawsuits or settlements filed by the Howards, and the orders of this Court. (Doc. No. 59.) Otis argues in opposition that the Motion in Limine is meritless and premature. (Doc. No. 63.)

The Howards have not identified any particular evidence that Otis or WPC may attempt to introduce, let alone how such evidence is inadmissible or how the attempted introduction of that evidence could not be remedied by an instruction to disregard. Accordingly, the Motion in Limine should be denied.

## III. Motion to Dismiss

WPC argues that the Howards' negligence claim against it should be dismissed because: (1) WPC is immune from the claim pursuant to Section 440.10(1)(e), Florida Statutes; and (2) the Howards failed to allege facts plausibly establishing a claim of negligence. (Doc. No. 67.)

### A. Immunity Under Section 440.10(1)(e), Florida Statutes

A subcontractor's liability for injuries of other subcontractors' employees is limited in part by Section 440.10(1)(e), Florida Statutes, which states in part as follows:

> "[a] subcontractor providing services in conjunction with a contractor on the same project or contract work is not liable for the payment of compensation to the employees of another subcontractor or the contractor on such contract work . . . on account of injury to an employee of another subcontractor, or of the contractor, provided that: . . . the subcontractor has secured workers' compensation insurance for its employees or the contractor has secured such insurance on behalf of the subcontractor and its employees . . . ."

The Court cannot determine from the allegations of the Second Amended Complaint whether WPC "has secured workers' compensation insurance for its employees" or whether "the contractor," an unknown entity, "has secured such insurance on behalf of the subcontractor and its employees."

Therefore, the Court will not find WPC immune under Section 440.10(1)(e) at this stage of the proceedings.

**B. Sufficiency of Factual Allegations**

"The elements of a negligence claim under Florida law are: (1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) (citing *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003)).

The Howards allege that Henry Howard entered the Site to deliver elevator equipment as part of his job duties, that Otis and WPC were contractors on the Site, and that employees of Otis and WPC were operating "hi-lo equipment" on the Site.[2] (Doc. No. 19 at 2-3.) These allegations plausibly establish that Otis and WPC owed Howard a duty to operate the hi-lo equipment in a reasonable manner. *See Simmons v. Roorda*, 601 So. 2d 609, 610 (Fla. 2d DCA 1992) (quoting *Woodcock v. Wilcox*, 122 So. 789, 792 (Fla. 1929)) (imposing a duty on a contractor to perform its work in a reasonable manner that does not endanger other persons employed at a construction site). The Howards have pled breach of that duty by alleging that Otis and WPC failed to supervise and train the hi-lo equipment operators, failed to operate the hi-lo equipment at a reasonable speed, failed to observe Henry Howard unhooking the safety straps from the internal crane, and failed to apply the hi-lo equipment brakes. (Doc. No. 19 at 4-5.) The Howards have plausibly established causation and damages by alleging that the hi-lo equipment caught Henry Howard by the pant leg

---

[2] The identity of Henry Howard's employer is unclear from the allegations of the Complaint.

and catapulted him into the air, resulting in physical and mental injuries. (*Id.* at 2-5.) Accordingly, the Howards' negligence claim is well-pled.[3]

**IV. Motion for Judgment on the Pleadings**

Otis argues that it should be granted judgment on the pleadings because the Second Amended Complaint was filed on August 10, 2009, beyond the four-year statute of limitations for a negligence claim under Section 95.11(3)(a), Florida Statutes, which expired on July 25, 2009. (Doc. No. 68.) The Howards filed their initial Complaint against Otis within the four-year limitations period on June 9, 2009. (Doc. No. 1.) Pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading if "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading."

Otis cites *Dade County v. Rohr Indus. Inc.*, 826 F.2d 983 (11th Cir. 1987), for the proposition that Rule 15(c)(1)(B) does not apply here because the Court dismissed the Complaint and Amended Complaint without prejudice. (Doc. No. 68 at 5.) In *Rohr*, the Eleventh Circuit found that an amended complaint did not relate back under Rule 15 to the filing of the initial complaint that was dismissed for failure to file a pre-trial stipulation and noted that the "voluntary dismissal of [a] federal action has the effect of placing the parties in a position as if the suit had never been filed." *Rohr Indus. Inc.*, 826 F.2d at 989 (citations omitted). However, the Howards' Second Amended Complaint was not filed subsequent to a complaint that was voluntarily dismissed or dismissed for

---

[3] No party has challenged the sufficiency of Wendy Howard's claim for loss of consortium.

failure to file a pre-trial stipulation. Rather, the Second Amended Complaint was filed with leave of court to cure insufficient allegations of jurisdiction. (Doc. No. 20.)

Because the Howards filed the Second Amended Complaint to properly allege a basis for jurisdiction and because the claims in the Second Amended Complaint arise out of the accident described in the Howards' previously filed Complaints, the Second Amended Complaint relates back under Rule 15(c)(1)(B) and falls within the statute of limitations. *See Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1070 (5th Cir. 1981) ("A complaint that is defective because it does not allege a claim within the subject matter jurisdiction of a federal court may be amended to state a different claim over which the federal court has jurisdiction. . . . If the claim asserted in the amendment arises out of the conduct or occurrence set forth in the original complaint, the amendment is given retroactive effect to the date the original complaint was filed.").[4] Accordingly, the motion for judgment on the pleadings should be denied.

## Conclusion

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Motion to Strike Reference to Subsidiaries by Defendant Otis Elevator Company (Doc. No. 53) is **GRANTED**.

2. The Motion in Limine by Plaintiffs Henry Howard and Wendy Howard (Doc. No. 59) is **DENIED**.

3. The Motion to Dismiss Second Amended Complaint by Defendant Winter Park Construction (Doc. No. 67) is **DENIED**.

---

[4] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4. The Motion for Judgment on the Pleadings by Defendant Otis Elevator Company (Doc. No. 68) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 26, 2010.

*Patricia C. Fawsett*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party